### BLUM v. FLANAGAN et al. (three cases).

(Supreme Court, Appellate Term.   June 22, 1903.)

1. LANDLORD AND TENANT—RENT OF SALOON—ASSIGNMENT OF LEASE TO BREWERY—RENT—LIABILITY OF MANAGING DIRECTOR.

    A tenant leased a hotel and bar for one year, with privilege of renewal for five years. To secure a supply of beer, he visited a brewing company, and was told by the manager to bring down his lease. Accompanied by his landlord, he did so; and the landlord, at the request of a clerk, signed an indorsement on the lease, consenting to its transfer to the managing director; the landlord testifying that this was done because it was supposed she would be better secured. The tenant also executed a lease in blank. He then entered into possession, paid rent and received receipts for three months, and then vacated the premises. *Held,* that the managing director was not personally liable for subsequently accruing rent.

Appeal from Municipal Court, Borough of Manhattan.

Action by Emily M. Blum against De Witt C. Flanagan and others. From a judgment for plaintiff, and from an order substituting defendants as executors of William L. Flanagan, deceased, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Guggenheimer, Untermyer & Marshall, for appellants.
Alexander Lamont, for respondent.

FREEDMAN, P. J.   This action was brought to recover the sum of $100 as rent of certain premises in this city to be used as a hotel and for a bar business. The facts, as shown by the record, appear to be as follows: On August 14, 1902, the plaintiff made a written lease to one Van Etten, leasing the premises for one year from September 1, 1902, with a renewal privilege for five years, at a yearly rental of $1,200, payable monthly in advance. Van Etten entered into pos-

session about September 1, 1902, and remained in possession during September, October, and November, vacating the premises in December, 1902. In the latter part of August, 1902, Van Etten went to the brewing company of Flanagan, Nay & Co. for the purpose of getting that company to supply him with beer. He saw Mr. Tighe, manager of the brewery, who requested him to bring down his lease. Later on Van Etten, accompanied by the plaintiff, went to the office of the brewery, where the plaintiff signed the following writing, which was indorsed on the lease: "I hereby consent to the transfer of the within lease to William L. Flanagan, Managing Director. Emily L. Blum." This consent was signed by the plaintiff at the request of a clerk of Flanagan, Nay & Co. It also appears that, prior to the entry of possession of the demised premises, Van Etten executed a paper which the plaintiff claims is an assignment of the lease, but this paper is a blank form of a lease. The date, name of the assignee, consideration, etc., are all blank, and the instrument merely having thereon the signature of Van Etten. This action was begun against William L. Flanagan, and subsequent to the trial of the case, and before the judgment was rendered by the trial justice, Flanagan died, and his executors were substituted as defendants by an order of the court. Thereafter the justice rendered a judgment adjudging the executors of William L. Flanagan liable for the December rent of the demised premises. In March, 1903, the plaintiff began two new actions against said executors—one to recover $100 for the January rent of the same premises, and the other to recover $200 for rent for February and March. These actions were tried upon the same testimony; the same witnesses being sworn and the same facts admitted, and the evidence and proceedings in both actions being exactly similar to each other and to this original action. In the last two cases the defendants had a judgment, from which judgments the plaintiff appeals; being cases Nos. 159 and 160 upon the present calendar of this court.

It is difficult to understand upon what theory, based upon the testimony in this case, the estate of Flanagan can be held liable. To establish liability on the part of Flanagan, it was incumbent upon the plaintiff to show an assignment of the lease to him, followed by entry or possession by him or his agents, or some agreement on his part to pay the rent. By the plaintiff's own testimony, it is clear that she knew that her dealings regarding the lease were with the brewing company. The premises were let to Van Etten for saloon purposes. He applied to the brewery to be supplied with beer. Mr. Tighe, the manager, told Van Etten to bring down his lease. He brought it down, accompanied by the plaintiff, who testified "that I was supposed to be better secured by the brewery having this lease transferred to them," and her consent was to an assignment to Flanagan as "Managing Director." This consent was executed at the request of a Mr. Dunn, who was a clerk of Flanagan, Nay & Co., not shown to be in any way connected with William N. Flanagan. Neither Flanagan nor the brewery had possession of the premises. Van Etten entered into possession of the premises about September 1st, and paid rent to the plaintiff, who gave him receipts therefor.

The whole case is barren of testimony creating a liability on the part of Flanagan.

The foregoing decision also disposes of cases Nos. 159 and 160. In each of those cases the judgments must be affirmed, with costs. The judgment in the case at bar must be reversed.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event; and judgments in Nos. 159 and 160 affirmed, with costs. All concur.